IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br>    v.<br><br>JEFFREY ALAN LOWRANCE and FIRST CAPITAL SAVINGS & LOAN, LTD.,<br><br>            Defendants._____/ | CASE NO. 5:11-CV-03451-EJD<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

In accordance with the Order Granting Motion for Default Judgment filed on July 5, 2012, ECF No. 31, and having considered the Commission's Supplemental Submission Re: Award of Disgorgement filed today, ECF No. 32,

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(1) to employ any device, scheme, or artifice to defraud;

(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(1) to employ any device, scheme, or artifice to defraud;

(2) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS FURTHER ORDERED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(1) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or

otherwise;

(2)     unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instrument of transportation, any such security for the purpose of sale or delivery after sale; or

(3)     making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS FURTHER ORDERED that within 30 days of entry of final judgment in this action, Defendant Lowrance shall pay $34,500,000 and Defendant First Capital shall pay $166,750,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d)(2) as amended by 17 C.F.R. 201, Subpt. E, Tbl. IV, and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), to the Clerk of the Court. Defendants shall make these payments within 30 days of the date of this Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. Payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Jeffrey Alan Lowrance and First Capital Savings & Loan Ltd. as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961(a). The Commission shall remit funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendants

1  are jointly and severally liable for disgorgement of $21,000,000 plus prejudgment interest thereon of
2  $2,141,679, for a total of $23,141,679. Defendants shall satisfy this obligation by paying
3  $23,141,679 within 30 days after entry of this Judgment to the Clerk of this Court, together with a
4  cover letter identifying Jeffrey Alan Lowrance and First Capital Savings & Loan Ltd. as defendants
5  in this action; setting forth the title and civil action number of this action and the name of this Court;
6  and specifying that payment is made pursuant to this Judgment. Defendants shall simultaneously
7  transmit photocopies of such payment and letter to the Commission's counsel in this action. By
8  making this payment, Defendants relinquish all legal and equitable right, title, and interest in such
9  funds, and no part of the funds shall be returned to the Defendants. The Clerk shall deposit the funds
10 into an interest bearing account with the Court Registry Investment System ("CRIS") or any other
11 type of interest bearing account that is utilized by the Court. These funds, together with any interest
12 and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account
13 until further order of the Court. In accordance with 28 U.S.C. § 1914, the Clerk may deduct from the
14 income earned on the money in the Fund a fee in the amount set by the guidelines promulgated by
15 the Director of the Administrative Office of the United States Courts. Such fee shall not exceed that
16 authorized by the Judicial Conference of the United States. Defendants shall pay post-judgment
17 interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED that Defendants shall file with this Court and serve upon the Commission, within 10 court days of service of this Order, a sworn accounting of:

(1)   all securities, funds, real estate, and other assets of each defendant held in its, her or his name, or in which it, she or he has had a direct or indirect beneficial interest, including the current location and amount or value of each of the assets;

(2)   each account with any financial institution or brokerage firm maintained in the names of defendants, or in which it, she or he has or has had any direct or indirect beneficial interest, including the current location and amount or value of each account;

(3)   all investor funds and assets received since April 1, 2007, including all

4

CASE NO. 5:11-CV-03451-EJD
JUDGMENT AND PERMANENT INJUNCTION

receipts, uses, transfers, and dispositions of funds and assets, and the current locations and amounts of funds and assets.

VII.

IT IS FURTHER ORDERED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are hereby ordered within 30 days after the service of this Order to return to the United States all securities, funds, and other assets of each defendant held in its, her or his name, or in which it, she or he had any direct or indirect beneficial interest, including the current location and amount or value of each of the assets and to identify in writing to the Court and the Commission the securities, funds and other assets that have been returned and their current location.

VIII.

The Commission may by motion propose a plan, subject to the Court's approval, to distribute funds that Defendants pay as disgorgement and interest in this civil matter.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and conducting any further hearings.

**IT IS SO ORDERED.**

Dated:  July 19, 2012

_____
EDWARD J. DAVILA
United States District Judge